## NOT DESIGNATED FOR PUBLICATION

James Patrick Dore
Kean, Miller
P. O. Box 3513
Baton Rouge LA 70821

Alan J. Berteau
Kean, Miller
P. O. Box 3513
Baton Rouge LA 70821

**REHEARING ACTION: December 11, 2012**

**Docket Number: 12   01244-CW**

**KEISHA DESSELLE, ET AL
VERSUS
ACADIAN AMBULANCE SERVICE, INC.**

**Writ Application from Avoyelles Parish Case No. 2010-5885**

**BEFORE JUDGES**:

   Hon. Jimmie C. Peters
   Hon. Billy Howard Ezell
   Hon. J. David Painter

As counsel of record in the captioned case, you are hereby notified that the ruling for

the application for rehearing filed by **Acadian Ambulance Service, Inc.** is

   **MOTION FOR CLARIFICATION AND/OR REHEARING AND REQUEST FOR EXPEDITED CONSIDERATION GRANTED.** We hereby grant Acadian Ambulance Service, Inc.'s motion and modify our December 4, 2012, ruling to state the following:

   **STAY DENIED.**
   **WRIT GRANTED AND MADE PEREMPTORY.** We find the trial court erred in overruling Relator's partial exception of res judicata. The July 27, 2012, judgment entered in *Mark S. Creech, et al. v. Acadian Ambulance Service, Inc.,* settling the claims of the Creech Settlement Class, is a final judgment that dismissed with prejudice the claims of putative class members who: (a) were transported by Acadian Ambulance Service from January 1, 2004, through August 14, 2005; (b) were insured by Blue Cross Blue Shield of Louisiana; and (c) either directly or through a third party paid Acadian Ambulance Service its "usual and customary charges," in whole or in part, for ambulance transport.  We also find the July 27, 2012, final judgment dismissed with prejudice the claims of putative class members who received Covered Medical Services during the period from January 1, 1994, through March 31, 2011, and directly and/or through their attorney and/or other authorized agent paid Acadian for such Covered Medical Services from the

policyholder's own funds, excluding therefrom liability insurance proceeds and the proceeds of a settlement or judgment. To the extent such claimants exist in the instant matter, we find the re-litigation of such claims is barred by res judicata. La.R.S. 13:4231. We further find that no exceptional circumstances exist to bar the application of res judicata. La.R.S. 13:4232. Accordingly, we reverse the trial court's ruling.

cc: Scott R. Bickford, Counsel for the Respondent
    Donald Wayne McKnight, Counsel for the Respondent
    Claude P. Devall, Counsel for the Respondent
    Derrick G. Earles, Counsel for the Respondent
    Lawrence J. Centola, III, Counsel for the Respondent
    J. Lee Hoffoss, Jr., Counsel for the Respondent